USDS SDNY
DOCUME
ELECTR    ALLY FILED
DOC #: _
DATE F    7/26/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

PAXI, LLC,

       Plaintiff,

   -against-                                      09 Civ. 4739 (CM)

SHISEIDO AMERICAS CORPORATION,
SHISEIDO COSMETICS (AMERICA) LTD. and
SEPHORA USA, INC.,

       Defendants.

_____x

MEMORANDUM ORDER DENYING THE MOTION OF THE
DEFENDANTS TO DISMISS THE COMPLAINT AS AGAINST
THEM AND GRANTING THE MOTION OF DEFENDANT
SEPHORA TO DISMISS THE COMPLAINT AS TO IT

McMahon, J.:

      Familiarity with this Court's July 8, 2009 decision denying plaintiff's motion for a preliminary injunction is presumed. In that decision the reader will find an extensive discussion of the merits of plaintiff's various claims against the Shiseido defendants.

      All defendants have moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

      I deny the motion to dismiss the claims against the Shiseido defendants, but grant defendant Sephora's motion to dismiss the only claim asserted against it, for tortious interference with contract.

      In view of the court's decision on the motion for a preliminary injunction, the Shiseido defendants' decision to press their motion to dismiss the breach of contract claim is utterly frivolous. For the reasons set forth at length in the preliminary injunction decision—*in which the court concluded that the plaintiff was likely to prevail on a breach of contract claim*—that aspect of the Shiseido defendants' motion is denied.

      The Shiseido defendants also move to dismiss the claims asserted against them for breach of the implied duty of good faith and fair dealing and for promissory estoppel. In responsive papers opposing the motion to dismiss, plaintiff concedes that these claims will necessarily fall if it prevails in its claim of breach of contract. However, it would be premature to dismiss those claims at this stage. Plaintiff has not yet prevailed on its

breach of contract claim. The court has opined only that plaintiff is likely to prevail. Plaintiff has not yet obtained either summary judgment or a jury verdict on its contract claim. I see nothing in the papers to indicate that the Shiseido defendants are not throwing in the towel and conceding that there has been a breach of contract. Therefore, it would be premature to dismiss the alternative theories of recovery asserted by plaintiff in its complaint.

That leaves the motion by defendant Sephora USA, Inc. – which did not appear on the motion for a preliminary injunction – to dismiss the claim asserted against it for tortious interference with contract. Sephora moves to dismiss on the ground that the complaint fails to plead the elements of tortious interference, which are (1) the existence of a valid contract; (2) knowledge of the contract by a third party; (3) the third party's intentional and improper procurement of a breach of that contract; and (4) damage to the plaintiff. To the extent that Sephora grounds its motion on plaintiff's failure to demonstrate that there has been any breach of a contract between the Shiseido defendants and plaintiff, the motion fails, again for the reasons set forth in the court's preliminary injunction decision. However, I agree that plaintiff has done nothing more than set forth a "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements. . . ." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). These days, such a pleading is in sufficient to withstand a motion to dismiss, although dismissal of the claim against Sephora on this ground would have to be without prejudice.

However, there is a fatal flaw in the tortious interference claim. As was discussed extensively in the preliminary injunction decision, the contract between plaintiff and Shiseido on which plaintiff relies to establish the first element of a tortious interference claim contains a clause that permits either party to terminate the Agreement without cause on five days prior written notice to the other party. (Retailer Agreement ¶ 18d). Under New York law, it is impossible to interfere with a contract that is terminable at will. *Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y. 2d 183, 193 (1980). Thus, the claim for tortious interference against Sephora must be dismissed as a matter of law.

For the foregoing reasons, the motion of the Shiseido Defendants is denied and the motion of Sephora is granted. This constitutes the decision and order of the court; the Clerk is directed to strike this motion from the court's list of pending motions.

Dated: October 26, 2009

*[signature]*

U.S.D.J.

BY ECF TO ALL COUNSEL